## RICHARDSON *v.* GRANT Co.

*(Circuit Court, D. Indiana.* December 28, 1883.)

1. **MUNICIPAL CORPORATIONS — ILLEGAL CONTRACTS — LIABILITY ON QUANTUM MERUIT.**

   Municipal or public corporations are not liable, on the *quantum meruit,* for the value of materials furnished under illegal or forbidden contracts, when the municipality cannot choose whether or not it will retain or reject the benefit of such work or materials.

2. **SAME—COUNTY BOARDS IN INDIANA—CONTRACTS FOR CONSTRUCTION OF PUBLIC BUILDINGS.**

   Contracts for the construction of court-houses and other public structures, to cost more than $500, unless let to the lowest bidder upon plans and specifications theretofore adopted, being forbidden, the county will not be held liable for the value of a court-house constructed, upon public ground, under a contract made in disregard of the statute, notwithstanding the use of the building by the county.

3. **SAME—ALTERATION OF PLANS IN COURSE OF CONSTRUCTION.**

   The statute which forbids contracts for the construction of county buildings to cost more than $500, unless made with the lowest bidder according to plans and specifications, applies to contracts for parts of such structures; and if, in the course of construction under a legally-made contract, any alteration or addition to the plans, exceeding $500 in cost, is made without specifications and bids, the county will not be liable for the price or value thereof.

At Law.

*McDonald, Butler & Mason,* for plaintiff.

*Harrison, Miller & Elam,* for defendant.

WOODS, J. The complaint charges an indebtedness of the defendant to the plaintiff in the sum of $24,000, for materials furnished, work and labor done, skill bestowed, and money paid out by the plaintiff, at the special instance of the defendant's board of commissioners, in the construction of a court-house for the defendant. A proper bill of particulars is filed, and it is averred that the board of commissioners for the county has received, and is in the enjoyment of, the said work and labor and materials. The fourth paragraph of answer

is to the effect that no plans and specifications for the work were ever made and adopted by the board of commissioners, and filed as required by law, and no advertisement made for bids for doing the work and furnishing the materials; nor were any bids presented to, or received by, the board. To this answer the plaintiff has demurred for want of facts stated sufficient to constitute a good defense to the action.

By the first section of an act of the Indiana legislature, which took effect August 24, 1875, it is provided that "it shall not be lawful for any board of county commissioners in this state to make any contract for the construction of any court-house, jail, or any other county or township building or monument, until plans and specifications have been adopted by such board, and * * * deposited in the office of the auditor of such county, and open to the inspection of the people of such county. All contracts attempted to be made in violation of the foregoing provisions shall be null and void." The next section provides that when such plans and specifications shall have been adopted and filed, the board shall not contract for or let the proposed work "until it has advertised such letting, and requested bids for the same," in a manner prescribed, "with a reference to such plans and specifications: provided, that the provisions of this act shall not apply to buildings when the cost of the same shall not exceed five hundred dollars." The next section requires the board to let the contract to the lowest bidder, and to require of him bond and security for the faithful performance of the work according to the plans and specifications so deposited. Rev. St. 1881, §§ 4243–4245.

It is conceded, as I understand, that under these statutory provisions no special contract for the work done by the plaintiff, not made in substantial conformity with the statute, could be enforced; but the plaintiff insists that, upon the averment that the board of commissioners, acting for the county, had received and was in the enjoyment of the work done and materials furnished by him, he is entitled, upon the common count, to recover the *quantum meruit.* Neither upon authority, nor in reason, as it seems to me, can this be so. In the common count it is necessary to aver, and the plaintiff has averred, that the work was done at the special request of the defendant; that is to say, of its board of commissioners. This statute, however, expressly forbids such request or assent on the part of the board. Of this the plaintiff was bound to take knowledge, and consequently is placed in the attitude of one who has done a voluntary service, for which he can legally claim no recompense.

The common count or claim to recover a *quantum meruit* must rest upon an implied promise or liability; but where a municipal body is required to make certain contracts in a prescribed way, and forbidden to make them in any other way, there is left no room for an implied obligation. In this case the statute, in express terms, declares any attempt to make a contract, without the plans and speci-

fications required, null and void; but without this, the effect of the express prohibitions of the act would doubtless be, in this respect, the same. The board being forbidden to make such contracts, it would seem could not, by any act of ratification, create an obligation upon the county. Private corporations may doubtless incur liability by reason of contracts made in excess of their powers, and even public or municipal corporations may be liable in supposable cases for money or property received upon contracts into which they had no power to enter; but in respect to services rendered which cannot be rejected or returned, and in respect to work and labor done and materials furnished in the construction of public buildings, erected on public grounds, there being in the nature of things no choice whether or not there shall be an acceptance or rejection of the work, the rule ought to be, and as I understand is, different. This is certainly so when the liability is sought to be established upon transactions done "in disregard of positive prohibitions." Dill. Mun. Corp. §§ 381–387, and authorities cited.

It follows that the demurrer to the answer should be overruled. So ordered.

(April 24, 1886.)

On Motion for Rehearing.

Woods, J. A rehearing upon the demurrer is asked; counsel for plaintiff now insisting, notwithstanding the requirements and inhibitions of the statute, that during construction of a court-house or other county building, under a contract made in accordance with the law, changes may be made in the plans and contracts for additional work entered into, though the cost thereof be greater than $500. I cannot concur with this view. Under such a construction, the law would apply only to contracts for the construction of an entire building, and could be evaded and practically nullified in most cases by making, without plans and specifications, and without advertisement, separate contracts for the different parts of the structure.

Rehearing denied.